## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANN M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:23-cv-01081-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER** |

**I.     INTRODUCTION**

On February 13, 2023, Plaintiff filed a Complaint seeking review of the Commissioner's final decision denying her application for a period of disability and Disability Insurance Benefits pursuant to Title II of the Social Security Act. (ECF No. 1.) Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

United States Magistrate Judge. (ECF Nos. 5, 13.) On April 17, 2023, the Commissioner filed an Answer and the Administrative Record ("AR"). (ECF No. 7.) On August 14, 2023, Plaintiff filed a Memorandum in Support of Complaint ("Plaintiff's Brief"). (Pl's Br., ECF No. 12.) On October 20, 2023, Defendant filed Commissioner's Responsive Brief ("Defendant's Brief"). (Def's Br., ECF No. 19.) Pursuant to the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), Plaintiff's optional reply brief was due "within 14 days after service of" Defendant's Brief, or by no later than November 2, 2023. (ECF No. 6, at 2.)[2] *See* Supp. R. Soc. Sec. 8. The deadline for Plaintiff to file a reply to Defendant's Brief has passed with no reply filed, such that the matter is fully briefed. The Court deems the matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

## II.     ADMINISTRATIVE HISTORY

On July 2, 2021, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on April 1, 2021. (AR 211–20.) Plaintiff alleged disability from bipolar disorder, diabetes, high cholesterol, and acid reflux. (AR 91.) After the Social Security Administration denied the applications initially and on reconsideration, on December 28, 2021, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 91–95, 96–101, 118–32.) On May 24, 2022, the ALJ held a telephonic hearing where Plaintiff appeared with counsel, and where the ALJ heard testimony from Plaintiff and a vocational expert. (AR 40–53.)

In a decision dated June 13, 2022, the ALJ denied Plaintiff's claim after making the following findings under the Commissioner's five-step evaluation. (AR

---

[2] With the exception of the Administrative Record, citations to pages in docketed documents reference the page numbers created by the CM/ECF headers.

13–33.) Plaintiff had not engaged in substantial gainful activity since April 1, 2021, the alleged onset date. (AR 19.) Plaintiff had severe impairments, including: "bipolar disorder; generalized anxiety disorder; and question of pseudo dementia." (*Id.*) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the agency's listed impairments. (*Id.*) Plaintiff had a residual functional capacity to "perform a full range of work at all exertional levels but with the following nonexertional limitation: simple work." (AR 22.)

The ALJ further found that Plaintiff was unable to perform any past relevant work, but was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (AR 25–26.) On January 3, 2023, the Appeals Council denied Plaintiff's request for review. (AR 1–7.) Thus, the ALJ's decision became the final decision of the Commissioner.

### III.   STANDARD OF REVIEW

This Court will disturb the Commissioner's final decision to deny benefits "only if it is not supported by substantial evidence or is based on legal error." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1098 (9th Cir. 2014); 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Lingenfelter*, 504 F.3d at 1035. "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks and citations omitted).

## V. DISCUSSION

### A. Disputed Issue

The parties raise the following disputed issue: Whether the ALJ erred in evaluating the opinion of Azadeh Ellsworth, PMHNP. (Pl's Br. 12; Def's Br. 2.)

### B. Applicable Law

For claims, such as Plaintiff's claim, filed on or after March 27, 2017, an adjudicator "will not defer or give any specific evidentiary weight" "to any medical opinion(s) or prior administrative medical finding(s)," "including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). An ALJ does not need to take medical opinions at face value and may consider the "quality of the explanation" when weighing a medical opinion. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). An ALJ must articulate how persuasive the ALJ found the medical opinions in the case record. 20 C.F.R. § 404.1520c(b). An ALJ's decision to discredit any medical opinion "must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

An ALJ cannot reject a medical opinion without explaining "how [the ALJ] considered the supportability and consistency factors." *Id*. at 792. "Supportability" means how well a medical source supports their opinion by explaining relevant objective evidence. *Id.* at 791–92; *see* 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to whether the medical opinion is consistent with "evidence from other medical sources and nonmedical sources in the claim." *Woods*, 32 F.4th at 792; *see* 20 C.F.R. § 404.1520c(c)(2). While "ALJs should endeavor to use [the] terms of art—'consistent' and 'supported'—with precision," it is sometimes possible to ascertain which factor the ALJ analyzed by looking at the context of the ALJ's reasoning and whether the ALJ compared the opinion to the medical source's own treatment notes and objective findings (which goes to supportability) or other

evidence in the record (which goes to consistency). *Woods*, 32 F.4th at 793 n.4 (although the ALJ used "not supported by" interchangeably with "consistency," the Court could ascertain from context that the ALJ was making a consistency finding because the ALJ analyzed the opinion against other treatment notes in the record).

### C.    Background

Ms. Ellsworth is a nurse practitioner who completed a Mental Capacity Assessment and Physical Assessment on Plaintiff's behalf on August 3, 2021. (AR 413–17.) Ms. Ellsworth identified Plaintiff's diagnoses to include "bipolar disorder, current episode, depressed, severe, without psychiatric features (F31.4.)." (AR 413.) Ms. Ellsworth assessed that Plaintiff had a "moderate" limitation in her ability to follow one or two-step instructions. (*Id.*) Ms. Ellsworth assessed that Plaintiff had "marked" limitations in her abilities to: recognize a mistake and correct it or identify and solve problems; sequence multi-step activities; use reason and judgment to make work-related decisions; initiate and perform a task the patient knows how to do; work at an appropriate and consistent pace, or complete tasks in a timely manner; ignore or avoid distractions while working; sustain an ordinary routine and regular attendance at work; work a full day without needing more than the allotted number or length of rest periods during the day; adapt to changes; manage psychologically based symptoms; set realistic goals; and maintain personal hygiene and attire appropriate to a work setting. (AR 413–14.) Ms. Ellsworth assessed that Plaintiff had no limitations in her abilities to: cooperate with others, or ask for help where needed; handle conflicts with others; understand and respond to social cues; and keep social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness. (AR 415.) She explained that Plaintiff had "challenges with instability and sensitivity with social interactions." (*Id.*) Ms. Ellsworth opined that Plaintiff would be absent from work more than four times each month due to her conditions. (AR 417.)

On August 12, 2021, Ms. Ellsworth completed an Attending Physician's Statement of Functionality on Plaintiff's behalf, in which she opined that Plaintiff was able to sit, stand, and walk for four hours each day. (AR 420.) On September 8, 2021, Ms. Ellsworth wrote a letter in response to a Medical Information Request, in which she opined that Plaintiff was very depressed and anxious, had diminished motivation and energy, and would get easily fatigued by doing simple tasks. (AR 444.) She wrote that Plaintiff struggled with "concentration, focus and attention," became easily distracted, was unable to multi-task, and was forgetful. (*Id.*) She wrote that Plaintiff struggled with decision-making and problem-solving. (*Id.*) Ms. Ellsworth assessed that the severity of Plaintiff's struggles was "moderate to severe," and Plaintiff's symptoms had affected Plaintiff for the last four and a half months. (*Id.*) Ms. Ellsworth stated that Plaintiff "would prefer to try and stabilize her depression symptoms through medication changes and psychotherapy," before pursuing "a higher level of care." (AR 445.)

### D. Analysis

The ALJ found Ms. Ellsworth's opinions not persuasive and provided the following, single sentence explaining her finding:

> The undersigned finds these opinions unpersuasive, as they are not consistent with or supported by the longitudinal evidence of record, which reflects that the claimant has generally normal mental status examinations without observations of significant impairments in the claimant's ability to perform detailed and complex tasks, maintain concentration, or adapt or manage herself.

(AR 24.)

Plaintiff argues that "this one-sentence analysis offers no citations to the record," the ALJ mischaracterized the record by stating that Plaintiff generally had normal mental status examinations, and the ALJ failed to build a logical bridge between the evidence in the record and the ALJ's conclusions. (Pl. Br. 16–20.)

6

Defendant argues that Plaintiff "ignores the ALJ's citations and analysis in other portions of the opinion." (Def. Br. 3 (citing AR 20–22).) Defendant then references evidence in the record that she contends was inconsistent with Ms. Ellsworth's opinions. (*Id*. at 4–5.)

It appears that the ALJ blurred the analysis of the supportability and consistency factors as to Ms. Ellsworth's opinion by generally concluding that Ms. Ellsworth's opinions were "not consistent with or supported by the longitudinal evidence of record, which reflects that [Plaintiff] ha[d] generally normal mental status examinations." (AR 24.) "'Supportability' and 'consistency' are terms of art and are not interchangeable." *Ronald S.A. v. Kijakazi*, No. 2:22-cv-5152-JDE, 2023 U.S. Dist. LEXIS 143848, at *11 (C.D. Cal. Aug. 16, 2023). The ALJ's conflation of these factors, without separate analyses for each factor, renders her analysis insufficient under the regulations. *See E.S. v. Kijakazi*, No. 20-cv-06550-JCS, 2022 U.S. Dist. LEXIS 167725, at *33 (N.D. Cal. Sept. 16, 2022) (finding ALJ's conflation of consistency and supportability factors improper by failing to articulate which evidence supported the findings regarding each factor) (citing 20 C.F.R. § 404.1520c(b)(2) (ALJs must "explain how [they] considered the supportability and consistency factors" when determining how persuasive they find a medical opinion)); *Jesse D. v. Kijakazi*, No. 21-cv-04233-BLF, 2022 U.S. Dist. LEXIS 128844, at *21–22 (N.D. Cal. July 20, 2022) (finding ALJ's rejection of medical opinion not supported by substantial evidence where the ALJ "failed to engage with [the physician's] assessment in any meaningful sense and made only a passing assessment of the 'supportability' and 'consistency' factors").

While it is sometimes possible to ascertain whether the ALJ was analyzing supportability or consistency from the context of the ALJ's reasoning and whether the ALJ compared the medical opinion to the source's own treatment notes and objective findings or other evidence in the record, as explained above, *see Woods*, 32 F.4th at 793 n.4, here that is not the case because the ALJ cites no records or

explains the evidence on which she relied in reaching the conclusion that Ms. Ellsworth's opinions were "not consistent with or supported by the longitudinal evidence of record, which reflects that [Plaintiff] ha[d] generally normal mental status examinations." (AR 24.) Nevertheless, the Court will address the ALJ's reasoning and findings regarding the consistency and supportability factors, or lack thereof, below.

### 1. Consistency

To the extent the Court interprets the ALJ's reference to "longitudinal evidence of record" to refer to evidence outside of Ms. Ellsworth's records, and therefore constitute a finding that Ms. Ellsworth's opinion was inconsistent with evidence of Plaintiff's "generally normal mental status examinations" (AR 24), such a finding is not supported by substantial evidence.

In weighing the consistency factor, the ALJ considers whether a medical opinion is inconsistent with "the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2). An ALJ may discount a medical opinion where substantial evidence supports a finding that the opinion is "inconsistent with the overall treating notes and mental status exams in the record." *Woods*, 32 F.4th at 793 (finding substantial evidence supporting an inconsistency finding where an ALJ pointed to observations from another medical source).

The Court has independently reviewed the medical evidence in the record and agrees with Plaintiff that the ALJ mischaracterized Plaintiff's mental status examinations as "generally normal," such that the conclusion that Ms. Ellsworth's opinions were inconsistent with those "generally normal mental status examinations" was not supported by substantial evidence. (Pl. Br. 16–20.) *See Sandra B. v. Kijakazi*, No. 2:20-cv-011359-GJS, 2022 U.S. Dist. LEXIS 121047, at *17 (C.D. Cal. July 8, 2022) (finding ALJ's conclusion that medical opinion was

inconsistent with "benign" or "unremarkable" examination findings unsupported by substantial evidence where the ALJ mischaracterized the record in describing the examination results). Plaintiff's mental status examinations from January 2021 through April 2022 showed varied findings, with reports indicating some levels of functioning were within normal limits, but consistently reflected that Plaintiff was depressed and anxious, with constricted, sad, and tearful affect, slowed thoughts, and limited memory. (AR 449–53, 621–25, 759–60.) In an April 18, 2022 psychiatric evaluation by Psychiatric-Mental Health Nurse Practitioner, Shannon Enochs, Plaintiff was assessed to have a "guarded" prognosis for improvement of her anxiety, bipolar, and neurocognitive disorders. (AR 763–66.) Ms. Enochs found that Plaintiff's bipolar disorder was "chronic and her symptoms have long been significant and intrusive, having a negative impact on her ability to maintain or manage all aspects of her life." (AR 766.) In addition, Ms. Enochs found that Plaintiff "experienced cognitive decline since 2020," with intrusive symptoms and Plaintiff appeared "to be failing despite all appropriate treatment." (*Id*.) The Court finds that the ALJ's characterization of Plaintiff's mental status examinations as "generally normal" is inaccurate and, therefore, substantial evidence does not support discounting Ms. Ellsworth's opinions on this basis. *See Sandra B.*, 2022 U.S. Dist. LEXIS 121047, at *17.

      Defendant offers reasoning and specificity that is absent from the ALJ's decision. (Def. Br. 3–5.) Specifically, Defendant argues that Plaintiff's testimony at the hearing regarding her daily activities (including reorienting herself after getting lost while walking or driving) was inconsistent with Ms. Ellsworth's opinions. (*Id*. at 4–5.) However, the Court is constrained to "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). The only explanation provided by the ALJ for the consistency factor was

based on a mischaracterization of the record, and therefore is not supported by substantial evidence.

### 2. Supportability

Turning to the ALJ's consideration of the supportability factor, or lack thereof, the Court finds that the passing reference that Ms. Ellsworth's opinion was "not . . . supported by the longitudinal evidence of record" reflecting normal mental status examinations was insufficient under the regulations. *See Wheeler v. Kijakazi*, No. 1:21-cv-1225 JLT BAM, 2023 U.S. Dist. LEXIS 108856, at *9 (E.D. Cal. June 23, 2023) (ALJ failed to properly address supportability factor by not explaining to what extent the physician's treatment records did not support the opinion); *Sandra B.*, 2022 U.S. Dist. LEXIS 121047, at *16 (ALJ's supportability analysis consisting of single-sentence conclusory statement was insufficient under regulations); *Gurule v. Comm'r of SSA*, No. CV-21-01651-PHX-DGC, 2022 U.S. Dist. LEXIS 136277, at *18 (D. Ariz. Aug. 1, 2022) (finding ALJ's analysis of supportability factor deficient where "the ALJ failed entirely to explain whether or how she considered the supportability factor of [the physician's] opinion").

In analyzing the supportability factor, the ALJ considers the extent to which a medical source supports his or her explanations and explains the objective medical evidence forming the basis for the opinion. *See* 20 C.F.R. § 404.1520c(c)(1) ("Supportability examines the relevant objective medical evidence and supporting explanations presented by the source"). Here, the ALJ did not explain why she found Ms. Ellsworth's opinions not supported, nor did she cite any findings in Ms. Ellsworth's treatment notes that demonstrate a lack of support. (*See generally* AR 20–26.) Therefore, the ALJ failed to properly address the supportability factor, and remand is appropriate on these grounds. *See Wheeler*, 2023 U.S. Dist. LEXIS 108856, at *9 (remanding case based on ALJ's failure to "properly address the supportability factor under the new regulations"); *Gurul*,

2022 U.S. Dist. LEXIS 136277, at *18 (remanding case due to ALJ's failure to explain her consideration of the supportability factor); *Sandra B.*, 2022 U.S. Dist. LEXIS 121047, at *18–19 (same). Because the ALJ's consideration of the supportability factor cannot reasonably be discerned from the ALJ's decision, reversal is warranted.

## VI. REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, further administrative proceedings are warranted because outstanding factual issues remain. For example, Ms. Ellsworth's opinion is "inconsistent with the reports of other physicians." *Dominguez*, 808 F.3d at 409 (remanding for further administrative proceedings where this circumstance was present). The State agency consultants were not as restrictive as Ms. Ellsworth in assessing Plaintiff's mental capacity limitations. (AR 54–68, 70–84.) Moreover, Plaintiff requests remanding this matter for further administrative proceedings as the only remedy. (Pl. Br. 21.) Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

///

///

**VII.   ORDER**

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: January 3, 2024

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE